1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK A. INGRAM,

11          Plaintiff,                    No. 2:12-cv-2034 MCE DAD PS

12       vs.

13   CITY OF SACRAMENTO, et al.,          FINDINGS AND RECOMMENDATIONS

14          Defendants.

15   _____/

16          Plaintiff, proceeding pro se, commenced this action on August 3, 2012, by filing a

17   complaint and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Doc. Nos. 1

18   & 2.)  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and

19   28 U.S.C. § 636(b)(1).

20          Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

21   § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

22   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

23   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

24   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

25   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

26   also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

                                          1

1   examine any application for leave to proceed in forma pauperis to determine whether the

2   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

3   bound to deny a motion seeking leave to proceed in forma pauperis.")  Moreover, the court must

4   dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

5   if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

6   may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §

7   1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9   (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

10  based on an indisputably meritless legal theory or where the factual contentions are clearly

11  baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

12            To state a claim on which relief may be granted, the plaintiff must allege "enough

13  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

14  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

15  accepts as true the material allegations in the complaint and construes the allegations in the light

16  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

17  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

18  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

19  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

20  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

21  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22            The minimum requirements for a civil complaint in federal court are as follows:

23            A pleading which sets forth a claim for relief . . . shall contain (1) a
          short and plain statement of the grounds upon which the court's
24            jurisdiction depends . . . , (2) a short and plain statement of the
          claim showing that the pleader is entitled to relief, and (3) a
25            demand for judgment for the relief the pleader seeks.

26  Fed. R. Civ. P. 8(a).

1    Here, plaintiff's complaint does not contain a short and plain statement of his

2 claim showing that he is entitled to relief.  In this regard, plaintiff's complaint consists of nine

3 pages of rambling, largely incoherent, vague allegations intermixed with references to federal

4 law.

5    For example, the complaint alleges the following:

6    Defendants ... sending Plaintiff mail after filling out IFP
     application to proceed forth in civil suit against numerous
7    defendants, but jealous is the reason why Plaintiff is being violated
     by such defendants that doesn't know Mr. Ingram, that's
8    discriminating against Mr. Ingram, and Mr. Ingram cant afford an
     attorney, on purpose discriminating and defaming Plaintiffs
9    persons effecting him even more due to his mental disability
     unreasonable harassing Plaintiff without being heard in trial after
10   being indigent and being granted IFP status...

11 (Compl. (Doc. No. 1) at 2.)

12    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

13 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

14 state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

15 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

16 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

17 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

18 enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at

19 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the

20 defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

21    Having reviewed plaintiff's allegations, the undersigned will make a substantive

22 finding of frivolousness as to the complaint filed in this action.  In this regard, the allegations

23 found in plaintiff's complaint lack an arguable basis in law, are indisputably meritless and are

24 thus frivolous.  See Neitzke, 490 U.S. at 325-27; Franklin, 745 F.2d at 1227-28.

25    Accordingly, for the reasons cited above, plaintiff's complaint should be

26 dismissed for failure to state a claim upon which relief can be granted.

1    The undersigned has carefully considered whether plaintiff may amend his

2 pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

3 amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

4 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

5 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

6 while leave to amend shall be freely given, the court does not have to allow futile amendments).

7 In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted

8 above, the court finds that it would be futile to grant plaintiff leave to amend.

9    Accordingly, IT IS HEREBY RECOMMENDED that:

10    1.  Plaintiff's August 3, 2012 application to proceed in forma pauperis (Doc. No.

11 2) be denied;

12    2.  Plaintiff's August 3, 2012 complaint (Doc. No. 1) be dismissed without leave

13 to amend; and

14    3.  This action be closed.

15    These findings and recommendations will be submitted to the United States

16 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

17 fourteen (14) days after being served with these findings and recommendations, plaintiff may file

18 written objections with the court.  A document containing objections should be titled "Objections

19 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

20 objections within the specified time may, under certain circumstances, waive the right to appeal

21 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 DATED: November 8, 2012.

23

24    _____

DALE A. DROZD

25    UNITED STATES MAGISTRATE JUDGE

26 DDAD:6
Ddad1\orders.pro se\ingram2034.ifpden.f&rs.wpd

4